Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★ ★



## MEMORANDUM OPINION

No. 04-11-00407-CR

Roy Lee **MONTEITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR1858
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  May 2, 2012

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in denying Roy Lee Monteith's motion to suppress by erroneously concluding that he was not in custody when he gave his statement to the police.  We affirm the trial court's judgment.

Monteith contends the trial court erred in denying his motion to suppress because he was in custody when he gave his statement, but was not given the requisite *Miranda*[1] warnings.  A trial court's ruling on a motion to suppress is reviewed for abuse of discretion under a bifurcated

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

standard of review. *Martinez v. State*, 348 S.W.3d 919, 922-23 (Tex. Crim. App. 2011). A trial court's determination of whether an accused is in custody presents a mixed question of law and fact. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). Under the bifurcated standard of review, we afford almost total deference to a trial court's custody determination when questions of historical fact turn on credibility and demeanor, but we apply a *de novo* standard when the trial court's ruling does not depend on credibility determinations. *Id*. at 526-27. When considering "custody" for *Miranda* purposes, we apply a "reasonable person" standard, *i.e.*, a person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Id*. at 525.

The facts in this case are similar to those considered by the Texas Court of Criminal Appeals in *Estrada v. State*, 313 S.W.3d 274, 294-95 (Tex. Crim. App. 2010). In *Estrada*, the court cited a United States Supreme Court case that determined a defendant was not in custody when he gave an incriminating statement to the police during questioning at a police station where: (1) the defendant voluntarily went to the police station in response to a request by the police; (2) the police immediately informed the defendant that he was not under arrest; (3) the defendant gave the incriminating statement after a one-half hour interview; and (4) the defendant was allowed to leave the police station after the interview. *Id*. at 294 (examining *Oregon v. Mathiason*, 429 U.S. 492, 493-96 (1977)). Although the interrogation in *Estrada* lasted approximately five hours, which was longer than the interrogation in *Oregon*, the court was "unable to conclude that a reasonable person would believe that he was not free to leave." *Id*. at 295.

In the instant case, Monteith voluntarily arrived at the police station for questioning after twice re-scheduling the interview. Detective Manuel Perez, who conducted the interview, testified that he informed Monteith that he was conducting an investigation into allegations that he sexually abused his three granddaughters. Detective Perez informed Monteith that he was not required to speak to him, he could stop speaking and walk out of the interview at any time, he was not under arrest, and he would be free to leave at the conclusion of the interview. The interview lasted approximately three hours; however, Monteith made his first incriminating statements approximately one hour into the interview. After he made his first incriminating statements, Detective Perez offered Monteith water and allowed him to use the restroom. When Detective Perez had to leave the room to take a phone call, Detective Perez told Monteith to "hang on" because he would be right back. Although Monteith requested to smoke toward the end of the interview, Detective Perez told him he could not smoke in the building and asked him to wait since they were almost finished to which Monteith responded, "alright." At the conclusion of the interview, Detective Perez told Monteith to "go ahead and take off."

Based on the evidence presented, the trial court did not abuse its discretion in determining that Monteith was not in custody when he gave his statement. *See Estrada*, 313 S.W.3d at 294-95. Accordingly, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH